UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-506(DSD/SRN)

Heather Wuollet,

Plaintiff,

v.

**ORDER**

Wexler and Wexler,

Defendant.

The above-referenced matter came on before The Honorable David S. Doty on the 16th day of November, 2001, for hearing on plaintiff's motion for default judgment against defendant Wexler and Wexler.

Peter F. Barry, Esq. appeared on behalf of plaintiff.

Pursuant to Fed. R. Evid. 201, plaintiff requests that the court take judicial notice of the following facts:

Plaintiff filed the summons and complaint with the Clerk of Court on March 22, 2001. (Barry Aff. ¶ 1 - Exhibit A.) On March 26, March 27, and March 30, 2001, plaintiff attempted to serve defendant Wexler and Wexler (hereinafter "defendant") through APS International, Ltd., however, service was not perfected. (Barry Aff. ¶ 2 - Exhibit B.) On June 27, 2001 and June 30, 2001, plaintiff again attempted to serve the defendant c/o Mr. Mitchell H. Wexler, an officer of Wexler and Wexler, through APS International, Ltd. at Mr. Mitchell Wexler's usual place of abode.

NOV 16 2001

FILED ______
RICHARD D. SLETTEN, CLERK
Judgment Entered NOV 16 2001
Deputy Clerk's Initials ______

Once again, service was not perfected. (Barry Aff. ¶ 4 - Exhibit C.)

On July 25, 2001, plaintiff requested the court to grant additional time to serve defendant. (Barry Aff. ¶ 5 - Exhibit D.) On August 7,, 2001, plaintiff served defendant through LaSalle Process Servers, L.P. (Barry Aff. ¶ 6 - Exhibit E.)

On August 13, 2001, plaintiff's attorney received correspondence dated August 7, 2001 from Mr. Norman P. Wexler, Esq. (hereinafter "Mr. Wexler") of Wexler and Wexler, wherein he disputed the validity of said August 7, 2001 service of process. (Barry Aff. ¶ 7 - Exhibit F.)

On August 17, 2001, plaintiff responded to Mr. Wexler's correspondence. (Barry Aff. ¶ 8 - Exhibit G.) On August 22, 2001, plaintiff received further correspondence from Mr. Wexler. (Barry Aff. ¶ 9 - Exhibit H.) Pursuant to Mr. Wexler's correspondence and Fed. R. Civ. P. 4, plaintiff served defendant with the summons and complaint, the notice of lawsuit and request for waiver of service, the waiver of service forms and the self-addressed stamped envelope on August 22, 2001, by means of certified United States mail. (Barry Aff. ¶ 10 - Exhibits A and I.) On September 6, 2001, defendant received the notice and waiver. (Barry Aff. ¶ 11 - Exhibit J.)

To date, defendant has not returned the waiver of service form to plaintiff's counsel nor has defendant ever answered the

complaint herein. To date, plaintiff has not received any further communication from defendant.

The court having heard the arguments of counsel, being fully advised of the premises and upon all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that plaintiff's motion for default judgment against defendant in the amount of $3,608.93 is granted.

Dated: November 16, 2001

David S. Doty, Judge
United States District Court

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd